NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-68-GFVT

ABDUL-AZIZ RASHID MUHAMMAD                                        PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                          DEFENDANT

Abdul-Aziz Rashid Muhammad, who is currently incarcerated in the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner"), has filed a *pro se* civil rights action. He asserts claims under (1) the Federal Tort Claims Act ("FTCA"), Title 28 U.S.C. §§1346(b), 2671-2680 and (2) 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). He has paid the $350.00 filing fee [Record No.8].

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

Under *Bivens*, the plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, he must demonstrate that the defendants allegedly depriving him of those rights acted under color of *federal* law. *Bivens*, 403 U.S. at 397.

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519

(1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Under 28 U.S.C. §1915(e)(2), a district court may dismiss a case at any time if it determines that the action is (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The plaintiff has the United States of America as the sole defendant in this action. Although the plaintiff named no individuals as defendants to this action in his original complaint, he has filed a motion asking to join additional defendants [Record No. 6].

## CLAIMS
### 1. *Bivens* Complaint

The plaintiff was previously confined in the United States Penitentiary-Big Sandy ("USP-Big Sandy"), which is located in Inez, Kentucky. The plaintiff claims that on December 29, 2005, staff members at USP-Big Sandy violated various constitutional rights of his during a mass shakedown conducted at the prison. Plaintiff filed a twenty-eight (28) page complaint to which he attached eighty (80) pages of attachments. In the complaint, he asked for $7,000,000.00 in damages to compensate him for alleged losses and damages he incurred, which included damages for emotional distress [*see* Record No. 2, p. 27].

The plaintiff has asked the Court to appoint him legal counsel in this action [Record No. 5]. He has also filed a motion entitled "Motion to Supplement Already Named Defendants in Their Individual Capacity; and Permission to Add Additional Defendants in Their Individual Capacity" [Record No. 6].

In the complaint, he alleges that on December 29, 2005, prison staff at USP-Big Sandy violated his rights under the Fifth Amendment of the United States Constitution

2

(which guarantees due process of law) and the Eight Amendment of the United States Constitution (which prohibits cruel and unusual punishment) when they confiscated and/or destroyed legal materials of his during a shakedown of the prison.

Plaintiff states that he suffers from Hepatitis-C, which is a viral infection [Record No. 5, p. 3]. He states that he takes the drugs Interferon and Rabirivin.[1] He claims that because those medications make him more susceptible to stress, the unconstitutional confiscation of his legal documents caused him to experience extreme emotional distress, anguish, anxiety, loss of appetite, and other trauma-related side effects. It does not appear that the plaintiff alleges that he was physically contacted when his legal materials were allegedly confiscated on December 29, 2005.

Plaintiff also alleged in the complaint that the confiscation of his legal materials on December 29, 2005, constituted gross negligence. The plaintiff attached to his complaint copies of various administrative grievances which he filed concerning his constitutional claims. Plaintiff exhausted one of his claims through the highest administrative level (the BOP's Central Office), but others he did not. Plaintiff attached documentation as to the following administrative remedies:

(1) Remedy ID #434786-R1 (Denied by the BOP Mid-Atlantic Regional Director on February 3, 2007);

---

[1] Interferons (IFNs) are natural proteins produced by the cells of the immune system of most vertebrates in response to challenges by foreign agents such as viruses, bacteria, parasites and tumor cells. Interferons assist the immune response by inhibiting viral replication within other cells of the body. [*See* Wikipedia, the Free Encyclopedia, http://en.wikipedia.org]
    The Court could not locate any information about the other drug which the plaintiff referenced, which he identified as "Rabirivin."

3

  (2)  Remedy ID #400573-F1 (Denied by BOP Central Office on May 19, 2006);

  (3)  Remedy ID #428966-F1 (Denied by the USP-Big Sandy Warden on October 15, 2006).

2. FTCA Claim

In August, 2006, the plaintiff also filed an FTCA with the Bureau of Prisons ("BOP"), claiming that these same events constituted negligence. The plaintiff again demanded compensation in the amount of $7,000,000.00. On December 19, 2006, Matthew Mallady, Acting Regional Counsel for the BOP's Consolidated Legal Center, located in Lexington, Kentucky, issued a written denial of the plaintiff's FTCA claim.

Mallady disputed that USP-Big Sandy officials searched the plaintiff's cell, Unit C-2, 101, on the day in question (December 29, 2005). He stated that logs maintained on that day indicate that no search of the plaintiff's cell occurred. He added that Institution Supplement BSY 5580.06, *Inmate Personal Property*, states that "inmates possess personal property at their own risk." Thus, Mallady concluded that there was "no evidence that any negligent act or omission on the part of the Bureau of Prisons' employee was a factor in any loss you may have incurred. Accordingly, your claim is denied." [*See* Attachment to Record No. 2, pp. 5-6]

DISCUSSION
1. Damages Against the United States Under *Bivens*

In his original complaint, the plaintiff demands $7 million in damages from the United States of America. The doctrine of sovereign immunity prevents the plaintiff from recovering damages from the United States under *Bivens*. Federal courts do not have jurisdiction to consider actions for monetary damages against the United States unless sovereign immunity has been waived. *United States v. Mitchell*, 463 U.S. 206, 212 (1983).

4

"In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity." *United States v. Testan*, 424 U.S. 392 (1976); *Will v. Michigan Dept. of State Police*, 109 S.Ct. 2304 (1989); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The United States has not waived its sovereign immunity to monetary damages for constitutional torts. The plaintiff's claim for damages against the United States under *Bivens* must be dismissed with prejudice.

2. "Motion to Supplement Already Named Defendants" [Record No. 6]

In the motion filed as Record No. 6, the plaintiff seeks permission "to sue the already named and unnamed officials in their individual capacities" and to name other defendants. The motion presupposes that the plaintiff actually listed and/or identified additional individual defendants in his original complaint, which he did not. The *only* defendant which the plaintiff named in his original complaint is the United States of America.

A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s "short and plain statement" requirement. *Vakalis v. Shawmut Corp.*, 925 F.2d 34, 36 (1st Cir.1991); *Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir.1988). *See* Fed. R. Civ. P. 41(b). While a party is entitled to state his claims and arguments, he must observe a reasonable degree of brevity.

Here, Plaintiff Muhammad has submitted a twenty-eight (28) page complaint, plus eighty (80) pages of supplemental exhibits. The complaint reads more like a rambling stream of consciousness, as opposed to an organized and concise statement of the plaintiff's legal claims. In *Barsella v. United States*, 135 F .R. D. 64, 66 (S.D. N.Y. 1991), the district court

5

in New York aptly described the problem with submissions similar to the plaintiff's 100-plus-page submission. "[C]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals [Fed.R.Civ.P. 8] and this system and must be dismissed (citations omitted)."

The Court would be acting within its rights by dismissing the entire complaint as being in violation of Fed.R.Civ.P. 8(a) and (e). *See Burton v. Peartree*, 326 F. Supp. 755, 758 (E. D. Penn. 1971) ("Burton, proceeding pro se, has filed a lengthy and rambling complaint which contains little more than demands, charges, and conclusions. The complaint is not a short and plain statement of the case and flagrantly violates Fed.R.Civ.P. 8. On this ground alone the complaint may be dismissed. *Koll v. Wayzata State Bank*, 397 F.2d 124 (8 Cir. 1968), *United States ex rel. Holland v. Maroney*, 299 F. Supp. 262 (W. D. Pa.1969))."

Here, the Court will give the *pro se* plaintiff some latitude and leniency and allow him to file an Amended Complaint naming the individual defendants whom he did not name in his original complaint. He will be given twenty (20) days from the date of entry of this Order in which to submit an edited Amended Complaint in which he should identify the specific individuals whom he seeks to name as defendants. He will be required to **briefly** identify the nature of the claim and the date on which it allegedly arose. Specifically, he is directed to organize his Amended Complaint as follows:

    (1)    Identify and number (#1, #2, #3) each specific incident and the date on which it occurred.

    (2)    Identify **all defendants** associated with **each** alleged claim.

(3)    Explain the facts of the alleged event in **two short sentences**.

(4)    Identify what right was violated, *i.e.*, Eighth Amendment, Fifth Amendment.

(5)    Identify **the date** on which each separate claim occurred.

(6)    Identify the specific exhaustion efforts employed regarding **each specific claim listed in ¶ 1-5** and state the **date** on which each and every exhaustion effort was undertaken, **AND** the result of each step of the exhaustion process.

(7)    The Amended Complaint should be no more than **eight** (8) pages long.

**The plaintiff is directed to refrain from engaging in commentary about his subjective thoughts as to how and why his claims arose. The Court will not consider such extraneous material**. At this time, the Court requires the plaintiff to convey the basic information concerning his claims in a manner that conforms to Fed.R.Civ.P. 8 (a) and (e). The plaintiff is instructed to strictly observe all of the limitations listed herein.

### 3. <u>Motion to Appoint Counsel</u>

The *pro se* plaintiff has filed a motion seeking the appointment of counsel [Record No. 5]. In determining whether to appoint counsel, the Sixth Circuit has explained:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether exceptional circumstances exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues.

*Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

The trial court exercises its discretion in evaluating these factors, and its decision will be reversed "only when the denial of counsel results in 'fundamental unfairness impinging on due process rights.'" *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (citations omitted).

Courts in the Sixth Circuit do not appoint counsel for *pro se* prisoners in civil cases absent truly extraordinary circumstances. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). There are no exceptional circumstances in this case that would warrant an appointment of counsel. First, the plaintiff's claims appear to be claims under either the Fifth and/or Eighth Amendments of the United States Constitution and the FTCA. These claims do not present unusual or complex facts.

Second, the Court notes that the plaintiff has demonstrated that he is able to assert his positions. While his submissions are too long and rambling, that problem can be remedied by filing shorter, more concise filings as the Court has ordered herein. The plaintiff's motion for appointment of counsel will therefore be denied.

### 4. FTCA Claim

The plaintiff has attached the denial of his FTCA claim (TRT-MXR-2006-05033). The record is not sufficiently developed as to this claim. The Court will order the United States to answer the plaintiff's FTCA claim.

### CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)  The plaintiff's *Bivens* claims against the United States of America are **DISMISSED WITH PREJUDICE**.

(2)  The plaintiff's "Motion to Appoint Counsel" [Record No. 5] is **DENIED**.

(3)  The plaintiff's "Motion to Supplement Already Named Defendants in Their

8

Individual Capacity; and Permission to Add Additional Defendants in Their Individual Capacity" [Record No. 6] is **GRANTED SUBJECT TO THE FOLLOWING CONDITIONS SET FORTH IN PARAGRAPH 4**:

(4) The plaintiff is granted twenty (20) days from the date of entry of this Order in which to submit an edited, Amended Complaint organized in the following manner:

   (A) Identify and number (#1, #2, #3) each specific incident which allegedly occurred.

   (B) Identify each and every defendant associated with each alleged claim.

   (C) Explain the facts of the alleged event in **two short sentences**.

   (D) Identify what right was violated, *i.e.*, Eighth Amendment, Fifth Amendment.

   (E) Identify the **date** on which each separate claim occurred.

   (F) Identify the specific exhaustion efforts employed regarding **each specific claim listed in ¶ A-E** and state the **date** on which each and every exhaustion effort was undertaken, **AND** the result of each step of the exhaustion process.

   (G) The Amended Complaint should be no more than **eight** (8) pages long.

(5) Plaintiff's failure to comply with this directive will subject him to appropriate sanctions and further Orders of the Court, including possible dismissal of his claims.

(6) The United States is directed to filed a response to the plaintiff's FTCA claims.

(7) The Pikeville Clerk is directed to issue summons for the Attorney General of the United States of America and for the United States Attorney for the Eastern District of Kentucky.

(8) The Pikeville Clerk's Office shall prepare as many copies of the complaint as there are summonses issued and complete the requisite number of USM Form(s) 285.

   (a) If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

   (b) The Pikeville Clerk's Office shall forward by certified mail the following documents: (i) the summonses issued; (ii) the requisite number of USM Forms 285; (iii) the requisite number of complaint copies; (iv) the requisite number of copies of this Opinion and Order; and (v) any other documents necessary to effectuate service.

   (c) The Pikeville Clerk's Office shall enter the certified mail receipt into the record and a notation that the delivery to the USM Office of the complaints, summonses, USM Forms 285, and any other attachments have been effectuated, and the date upon which they were effectuated.

   (d) The USM Office shall serve a summons, complaint copy, and copy of this Order on the defendants to this action; service to be made by certified mail, return receipt requested, or by personal service.

   (e) The USM Office shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

   (9) The plaintiff shall keep the Clerk of the Court informed of his current mailing address.  **Failure to notify the Clerk of any address change may result in a dismissal of this case**.

   (10) For every further pleading or other document he wishes to submit for

consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel.  **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk, or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

This the 5th day of June, 2007.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge